# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER R. SOLLENNE and PATRICIA D. SOLLENNE, as Trustees for the Sollenne Family Trust, dated December 12, 2007,<br><br>                                Plaintiffs,<br>    vs.<br><br>U.S. BANK NATIONAL ASSOCIATION, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-18N; NATIONSTAR MORTGAGE, LLC; and DOES 1-10, inclusive,<br><br>                                Defendants. | CASE NO. 12-CV-2977-BEN (WVG)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Docket No. 19] |

Before this Court is a Motion to Dismiss (Docket No. 19) filed by Defendants Nationstar Mortgage LLC (Nationstar) and U.S. Bank National Association (USBNA). For the reasons stated below, the motion is **GRANTED**.

## I. Background

On March 28, 2013, Peter R. Sollenne and Patricia D. Sollenne (Plaintiffs), acting in their capacities as trustees for the "Sollenne Family Trust, dated December 12, 2007," and proceeding pro se, filed a First Amended Complaint (FAC) alleging misconduct relating to a mortgaged property in Carlsbad, California. (Docket No. 17).

Plaintiffs allege that they executed a note and deed of trust, in their personal

capacities, with Washington Mutual Bank (WaMu) as the lender in May 2004. (FAC ¶¶ 12-13). Plaintiffs refinanced with Countrywide Home Loans in May 2006, (*id.* ¶ 14), and again with CMG Mortgage, Inc. (CMG) in June 2007, (*id.* ¶ 15). At that time they were informed their servicer would be Aurora Loan Servicing. (*Id.*). In 2012, Nationstar identified themselves as the servicer of the loan. (*Id.* ¶ 16). On January 22, 2008, Plaintiffs deeded their interest in the property into the Sollenne Family Trust, dated December 12, 2007. (*Id.* ¶ 17).

Plaintiffs allege that their loan was bundled into a group of notes and sold as a derivative "mortgage backed security," to Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-18N ("Trust"). (*Id.* ¶ 18). They allege that, accordingly, none of the Defendants own the loan or the note, that they cannot be a beneficiary under the deed of trust, or a lawfully appointed trustee under the deed of trust, and that they have no right to declare a default, cause notices of foreclosure sale to issue or be recorded, or to foreclose on their interest in the property. (*Id.*) USBNA is alleged to be the trustee for Trust, and Nationstar is alleged to be Trust's servicer. (*Id.* ¶¶ 19-20).

Plaintiffs also allege that the procedures in the Pooling and Services Agreement (PSA) for the Trust have not been followed. (*Id.* ¶ 26). They allege that the note and the mortgage, the debt or obligation evidenced by the note and deed of trust were not properly assigned and transferred from CMG (the originator) to USBNA (the trustee of the Trust) in accordance with the PSA. (*Id.* ¶¶ 28-31). Plaintiffs claim the PSA was violated by a failure to complete the assignment before the closing date, and a failure to provide a complete and unbroken chain of transfers and assignments. (*Id.* ¶¶ 30-31). Plaintiffs claim that no perfected chain of title exists transferring the mortgage loan from CMG to the Trust. (*Id.* ¶ 34).

In the alternative, Plaintiffs claim that Nationstar alleges to be the holder and owner of the note and beneficiary of the deed of trust, but that the note identifies the originator as the holder, and there is no perfected chain of title between CMG and Nationstar. (*Id.* ¶ 35).

Plaintiffs claim that no documents or records have been produced to demonstrate the note or deed of trust was properly transferred prior to the closing date, and that any documents transferring it after the closing date are void under the PSA. (*Id.* ¶¶ 36-37).

Plaintiffs list the following deficiencies which they contend render invalid any security interest in the deed of trust: 1) the separation of title, ownership and interest in the note and deed of trust; 2) the lack of assignments to or from the intervening entities when the loan was sold; 3) the failure to assign and transfer the beneficial interest in the DOT to Defendants in accordance with the PSA; 4) the failure to endorse, assign, and transfer the note to USBNA in accordance with the PSA and California law; 5) that there were no assignments of beneficiary or endorsements of the note to each intervening entity; and 6) Defendants violated terms of the PSA. (*Id.* ¶ 48).

They claim no party to the securitized transaction or any Defendant holds a perfected and secured claim in the property, and that all Defendants are estopped and precluded from asserting a secured or unsecured claim against the property. Plaintiffs also claim that the only individuals with standing to foreclose on the note would be the certificate holders of the trust, rather than Defendants, since the certificate holders are "the end users and pay taxes on their interest gains" and Defendants were paid in full. (*Id.* ¶ 52).

Plaintiffs claim California law requires that a transfer of mortgage paper as collateral requires the owner to physically deliver the note to the transferee. (*Id.* ¶¶ 55, 58). They also claim that the note must be endorsed to be transferred. (*Id.* ¶ 56).

Plaintiffs allege three causes of action: 1) quiet title; 2) declaratory relief to determine the validity of the deed of trust on the date the Note was assigned and to determine if any defendant has authority to foreclose; and 3) injunctive relief to stop further collection activity, including the sale of the property. Plaintiffs' desired remedies also include a request for an order compelling the Defendants to transfer or release legal title and any alleged encumbrances, and possession of the property to

Plaintiffs. (*Id.* at 17).

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring plaintiff to plead factual content that provides "more than a sheer possibility that a defendant has acted unlawfully"). Under this standard, dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556.

## III. Discussion

### A. Plaintiffs Cannot Challenge Defendants to Prove Authority to Foreclose Without Making Specific Factual Allegations

California courts have rejected efforts to force defendants to bear the burden of proving that a proper assignment has occurred. California's nonjudicial foreclosure statutes are a "comprehensive scheme" designed 1) to provide a quick, inexpensive and efficient remedy against defaulting parties, 2) to protect the debtor/trustor from wrongful loss, and 3) to ensure that a sale is final between the parties and conclusive as to a bona fide purchaser. *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 270 (1st Dist. 2011) (citing *Moeller v. Lien,* 25 Cal. App. 4th 822, 830 (2d Dist. 1994)). A nonjudicial foreclosure sale is presumed to have been conducted regularly, and the burden of proof rests with the party attempting to rebut this presumption. *Id.* (citations omitted). Accordingly, where a plaintiff contends that a sale is invalid because the party had no authority to conduct the sale, the burden is on the plaintiff to affirmatively plead facts showing an impropriety. *Id.* The burden has been placed on defendants, even when the foreclosure sale has not yet occurred. *See McCloskey v. Land Home Finan. Servs.*, No. 12-cv-2775, 2012 WL 3583347, at *2 (N.D. Cal. Aug.

20, 2012).

Plaintiffs cannot simply bring an action to require the foreclosing party to demonstrate its authority to foreclose in court. *Silga v. Mortg. Elec. Registration Sys., Inc.*, 219 Cal. App. 4th 75, 84-85 (2d Dist. 2013) (citations omitted). Plaintiffs must provide some specific factual basis for their claims that Defendants lack authority. *See id.* Similarly, Plaintiffs cannot simply assert that there is no proper chain of title, or that it was not properly transferred or assigned, without providing some basis from which this Court could conclude that this is more than speculation. *See Iqbal*, 556 U.S. at 678; *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1155-56 (2011) (no judicial action to test whether person initiating foreclosure has authority to do so, where no specific factual basis was asserted for alleging that foreclosure was initiated by the wrong party).

As discussed below, the specific claims proffered by Plaintiffs fail. Plaintiffs' efforts to require Defendants to "prove and certify" must therefore fail. (FAC ¶ 43).

### B. Assignment was Proper Under California Law

Plaintiffs allege that the original "holder" of the note and deed of trust was CMG. (*Id.* ¶¶ 28, 34-35). Plaintiffs contend at various points in their FAC that the assignment of the note and deed of trust was not valid under California law. (*Id.* ¶¶ 38, 48d, 55, 56, 58). For instance, Plaintiffs contend that the parties were required to endorse and physically transfer the original note. (*Id.* ¶¶ 55, 56, 58).

Defendants contend that there was a valid assignment under California law, and they are therefore authorized to foreclose upon the property. Defendants rely on California Civil Code § 2932.5, which states:

> Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded.

Defendants contend that the assignment was duly acknowledged and recorded, and

therefore the assignee could exercise the power of sale. (Mot. at 5).

Review of case law indicates that the recordation requirement of this section applies only to mortgages, and not to deeds of trust. *Caballeros v. Bank of Am.*, 468 Fed. App'x 709, 710 (9th Cir. 2012). The Ninth Circuit has affirmed a district court's holding that the requirement of a recording prior to a foreclosure sale does not apply to a deed of trust. *Caballero v. Bank of Am.*, No. 10-cv-2973, 2010 WL 4604031, at *3 (N.D. Cal. Nov. 4, 2010), *affirmed by Cabellero*, 468 Fed. App'x 709; *see also Hayes v. EMC Mortg. Corp.*, 205 Cal. App. 4th 329, 336 (2012) (trustee of deed of trust may initiate foreclosure irrespective of whether an assignment of the beneficial interest is recorded).

In the present case, Defendants do offer a recorded assignment. (RJN, Exh. 15). Defendants submitted a variety of documents relating to the subject property and have asked that this Court take judicial notice of their contents. (RJN). In ruling on a motion to dismiss for failure to state a claim, "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Federal Rule of Evidence 201 states that a judicially-noticeable fact must be "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." A recorded document is a public record, and its existence is easily verifiable and not subject to reasonable dispute. *See Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, n.12 (N.D. Cal. 2009); *W. Fed. Sav. & Loan Ass'n v. Heflin Corp.*, 797 F. Supp. 790, 792 (N.D. Cal. 1992).

Although Plaintiffs' claims are not always clear, they allege that the original "holder and owner" of the note was CMG, that the loan was allegedly sold into the Trust, and that there is no perfected chain of title between CMG and either Nationstar or USBNA. (FAC ¶¶ 34-35). Plaintiffs appear to dispute the validity of the

promissory note, and "reject" it as it does not provide evidence as to the identity of the current holder of the note. (Opp. at 8.) However, Plaintiffs nowhere appear to dispute the authenticity of the assignment document (RJN, Exh. 15), or the Deed of Trust, (RJN, Exh. 10) and provide no basis for doing so. Plaintiffs appear to contend that Defendants were required to take other steps for a valid assignment. Regardless, these documents are part of the public record, and this Court may properly take judicial notice of the fact that these documents have been recorded. This Court therefore takes judicial notice of Exhibits 10 and 15.

The Deed of Trust lists CMG as the lender and MERS as the beneficiary and the nominee for the lender. (RJN, Exh. 10). The assignment document, acknowledged by MERS as nominee for CMG, assigns the loan and deed of trust to Defendant Nationstar. (RJN, Exh. 15).

To the extent Plaintiffs contest the assignment on the ground that additional steps must be taken, such as endorsement and production of the original note, their claims must fail. California law does not require production of the note in order to pursue nonjudicial foreclosure. *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1035 (N.D. Cal. 2010). Even if Defendants were required to take other steps for the transfer to be valid, Plaintiffs must provide specific factual allegations, and cannot simply challenge Defendants to produce the note and prove any other requirements are satisfied. For instance, although Plaintiffs allege that the note must be endorsed and physically delivered, they neither provide authority for this requirement, nor provide factual allegations from which this Court could conclude that the claim that the note was not endorsed and transferred is anything other than speculation. *See Iqbal*, 556 U.S. at 678; *Gomes*, 192 Cal. App. 4th at 1155-56.

Plaintiffs have failed to plead facts from which this Court could conclude that California law was not complied with in the assignment of the mortgage loan. Plaintiffs' claims based upon a failure to comply with California law are therefore **DISMISSED WITHOUT PREJUDICE**.

C. Securitization

Contrary to Plaintiffs' claims, Defendants may enforce the note, even if it has been securitized. Plaintiffs make a variety of claims related to the securitization. (FAC ¶¶ 18, 21, 25). Among other things, they claim that none of the defendants own the loan, that they are impermissibly characterizing it as a security and a negotiable instrument, and that they cannot qualify as a real party in interest. (*Id.*)

However, it is well established that securitization does not prevent the beneficiary from enforcing the note and deed of trust. Many district courts have considered and rejected this argument. *See, e.g.*, *McGough v. Wells Fargo Bank, N.A.*, No. C12-0050, 2012 WL 2277931, at *4 (N.D. Cal. June 18, 2012); *Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010); *Benham v. Aurora Loan Servs.*, No. 09-2059, 2009 WL 2880232, at *3 (N.D. Cal. Sept. 1, 2009); *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1042-43 (N.D. Cal. 2009). Plaintiffs' claims premised on the argument that the loan was securitized are therefore **DISMISSED WITH PREJUDICE**.

D. Pooling and Servicing Agreement

Many of Plaintiffs' arguments are premised on the argument that the PSA was not followed, and therefore the securitization was improper. It is well established that where a plaintiff is not an investor in the PSA, the plaintiff has no standing to challenge violations of the PSA's terms. *See, e.g.*, *Sabherwal v. Bank of N.Y. Mellon*, No. 11-cv-2874, 2013 WL 101407, at *7 (S.D. Cal. Jan. 8, 2013) (dismissing claims based on theory securitization was improper because defendant failed to deposit notes before closing date in violation of securitization agreement); *McGough*, 2012 WL 2277932, at *4; *Sami v. Wells Fargo Bank*, No. C12-108, 2012 WL 967051, at *5-6 (N.D. Cal. Mar. 21, 2012) (dismissing claims based on theory that Wells Fargo failed to comply with PSA).

Plaintiffs' claims premised upon the failure to comply with the PSA are therefore **DISMISSED WITH PREJUDICE**.

### E. MERS' Authority to Assign the Note and Deed of Trust

Plaintiffs claim in their Response that MERS has no authority to assign the note and deed of trust. Specifically, they argue that MERS has no beneficial interest in the note, does not physically possess the note, does not receive income from the payments, and is an employee of the servicer. (Opp. at 12). Plaintiffs argue that the "actual owner" has not executed an assignment. (*Id.*) However, California courts have concluded that MERS has authority to assign a deed of trust in its capacity as nominee beneficiary. *Fontenot*, 198 Cal. App. 4th at 270-71 (MERS as nominee for lender could act with authority to assign interest in note, the burden is on the plaintiff to demonstrate lack of authority); *Herrera v. Fed. Nat'l Mort. Assoc.*, 205 Cal. App. 4th 1495, 1505-06 (4th Dist. 2012) (same). Plaintiffs' claims related to MERS' authority to assign the note or deed of trust are therefore **DISMISSED**.

### F. Separation of Note and Deed of Trust

Plaintiffs argue that the note and deed of trust have been improperly separated. (FAC ¶¶ 38, 39, 48(a)). Plaintiffs' allegations are not entirely clear, but to the extent that they are based upon Defendants' alleged failure to produce the documents to prove a proper assignment, they must fail as described above. The Ninth Circuit has explicitly rejected any argument that a note and deed of trust are impermissibly split because a party was designated as the payee of the note but listed MERS, as its nominee, as the beneficiary under the deed of trust. *In re Green*, Nos. CC-11-MkHHA, ND 09-1164-RR, 2012 WL 4857552, at *8 (9th Cir. BAP Oct. 15, 2012).

Plaintiffs must provide some basis from which this Court could conclude that the note and deed of trust have been impermissibly split. Speculation is insufficient. Claims related to the separation of the note and the deed are therefore **DISMISSED**.

## IV. Conclusion

Plaintiffs' claims premised upon the securitization of the loan and violations of the PSA are **DISMISSED WITH PREJUDICE**. All other claims that Plaintiffs may be attempting to assert are **DISMISSED WITHOUT PREJUDICE**. Plaintiffs have

leave to amend the claims which were dismissed without prejudice. Any Second Amended Complaint must be filed no later than **thirty (30) days** after this order has been signed. Plaintiffs are cautioned that they must plead specific factual allegations from which this Court could conclude that Plaintiffs' claims that Defendants lack authority are more than speculation. Plaintiffs cannot require Defendants to take any actions to prove their authority unless such factual allegations are presented.

**IT IS SO ORDERED**.

DATED: December 13, 2013

_____
Hon. Roger T. Benitez
United States District Judge