**AKERMAN LLP**
JUSTIN D. BALSER (SBN 213478)
Email: justin.balser@akerman.com
ROBERT R. YAP (SBN 263763)
Email: robert.yap@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

**AKERMAN LLP**
VICTORIA E. EDWARDS (SBN 269305)
Email: victoria.edwards@akerman.com
1400 Wewatta Street, Suite 500
Denver, Colorado 80202
Telephone:   (303) 260-7712
Facsimile:    (303) 260-7714

Attorneys for Defendants
NATIONSTAR MORTGAGE LLC and
U.S. BANK NATIONAL ASSOCIATION
as Trustee for Lehman XS Trust Mortgage
Pass-Through Certificates Series 2007-18N

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER R. SOLLENNE and PATRICIA D. SOLLENNE as Trustees for the SOLLENNE FAMILY TRUST, dated December 12, 2007,<br><br>Plaintiffs,<br><br>v.<br><br>1) U.S. U.S. BANK NATIONAL ASSOCIATION as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates Series 2007-18N; 2) NATIONSTAR MORTGAGE, LLC; 3) Does 1-10 inclusive;<br><br>Defendants | Case No. 3:12-cv-2977 BEN (WVGx)<br><br>Assigned to Hon. Roger T. Benitez, Ctrm. 5A<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS NATIONSTAR MORTGAGE LLC AND U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)**<br><br>[Filed with Notice of Motion]<br><br>**Hearing**<br>**Date:    April 21, 2014**<br>**Time:    10:30 a.m.**<br>**Ctrm:    5A**<br>**Place:    221 West Broadway**<br>**            San Diego, California 92101**<br><br>Complaint filed: December 14, 2012<br>Trial Date:  none |

**DEFENDANTS NATIONSTAR MORTGAGE AND U.S. BANK'S MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendants Nationstar Mortgage LLC and U.S. Bank National Association as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates Series 2007-18N (collectively, **defendants**) seek finality in this litigation and respectfully request the Court grant their motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) for the failure of Plaintiffs Peter R. Sollenne and Patricia D. Sollenne as Trustees for the Sollenne Family Trust dated December 12, 2007 (collectively, **plaintiffs**) to comply with this Court's orders.  Plaintiffs not only sat on their rights in amending their complaint (despite this Court's grant of leave to amend), they also failed to file a motion to reconsider the Court's order striking their untimely complaint.[1]

There are good grounds for dismissing plaintiffs' action.  It is in the public's interest to expeditiously resolve cases where plaintiffs fail to take their litigation obligations seriously.  Also, the Court has the inherent authority to manage its docket, particularly where parties ignore Court deadlines and federal procedure.  Moreover, plaintiffs have no good cause for failing to timely amend their complaint.  Plaintiffs simply contend they mistakenly thought they had forty-eight days to amend.  This is insufficient given the clear wording of the Court's order granting plaintiffs 30 days leave to amend.  (Docket No. 25 at 10.)

Plaintiffs, who defaulted on their $1,290,000 loan, have filed this lawsuit to delay the inevitable foreclosure sale of the real property securing their loan, which they can no longer afford.  This, however, does not excuse plaintiffs from complying with the Court's rules and procedures.  Plaintiffs' action was filed in December 2012 and has dragged on in the pleadings stage for over a year.  Plaintiffs, who commenced this action purely to stall foreclosure proceedings, do not intend to actively litigate their case.  There are no good grounds to allow plaintiffs to continue this frivolous lawsuit,

---

[1] Plaintiffs attempt to get around this procedural deficiency by filing a Rule 60 motion, which is improper given that a dismissal order has not been issued.

**DEFENDANTS NATIONSTAR MORTGAGE AND U.S. BANK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

which this Court has already found to be without merit when it granted defendants'
Rule 12(b)(6) motion to dismiss in its entirety.  (Docket No. 25.)  For these reasons, the
Court should dismiss plaintiffs' action pursuant to Rule 41(b).

## II.   STATEMENT OF RELEVANT FACTS

Defendants moved to dismiss plaintiffs' first amended complaint pursuant to
Rule 12(b)(6).  (Docket No. 19.)  Plaintiffs filed an opposition on July 1, 2013, and
defendants filed a reply brief in support of their motion on July 8, 2013.  (Docket Nos.
21 and 22.)

The Court granted defendants' motion.  (Docket No. 25)  Plaintiffs' claims
arising from or relating to securitization and the alleged pooling and servicing
agreement were dismissed with prejudice.  (*Id*. at 9.)  Plaintiffs' other claims were
dismissed with thirty days leave to amend.  (*Id*. at 9-10.)

Thirty-four days later on January 16, 2014, plaintiffs attempted to file a second
amended complaint.  (Docket No. 26 at 2.)  This Court rejected plaintiffs' filing as
untimely.  (*Id*. at 1.)  Plaintiffs did not file a motion for reconsideration or any motion
within twenty-eight days of the Court's order.

On February 28, 2014—forty-three days after the Court's January 16, 2014 order
rejecting the second amended complaint—plaintiffs filed a motion to set aside
dismissal on the grounds that "Plaintiffs were mistaken that they had until January 30,
2014 to file their second amended complaint."  (Docket No. 27 and 27-1 at 2.)

## III.   LEGAL STANDARD

District courts are authorized to dismiss an action for a plaintiff's failure to
timely amend their complaint pursuant to Rule 41(b).  *See Ferdik v. Bonzelet*, 963 F.2d
1258 (1992); *Yourish v. California Amplifier*, 191 F.3d 983 (1999).  Rule 41(b)
provides:  "If the plaintiff fails to prosecute or to comply with these rules or a court
order, a defendant may move to dismiss the action or any claim against it."  "Under
Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district

judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order." *Yourish*, 191 F.3d at 986.

"In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Ferdik*, 963 F.2d at 1260-1261; *see also Yourish*, 191 F.3d at 990. The Ninth Circuit Court of Appeals has consistently affirmed a district court's dismissal due to a plaintiff's failure to timely amend when at least **three** of these five factors support dismissal. *Yourish*, 191 F.3d at 992 ("Because we have found that **three factors** strongly favor dismissal, we feel that the district court did not abuse its discretion in dismissing Plaintiffs' case for failing to amend in a timely fashion" (emphasis added).); *Ferdik*, 963 F.2d at 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other **three factors** that strongly support dismissal here" (emphasis added).). The Honorable Gonzalo P. Curiel of this district also recently dismissed an action pursuant to Rule 41(b) when he found that three of the dismissal factors were satisfied. *Prime Healthcare Services, Inc. v. Service Employees Int'l Union*, *slip op*., 2013 WL 6500069 (S.D. Cal. 2013).

As set for the below, plaintiffs' entire action should be dismissed with prejudice because they failed to timely amend their complaint and at least three factors support dismissal. Throughout this lawsuit, plaintiffs have neglected their obligations to the Court and the parties to diligently litigate their action and to comply with Court deadlines and federal procedure. Dismissal under Rule 41(b) is now appropriate.

///

///

**DEFENDANTS NATIONSTAR MORTGAGE AND U.S. BANK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

## IV.   ARGUMENT

As a threshold issue, it is indisputable and incontrovertible that plaintiffs failed to timely file their second amended complaint in violation of this Court's orders.  The Court granted defendants' Rule 12(b)(6) motion to dismiss with leave to amend plaintiffs' non-securitization related and non-pooling and servicing related claims. (Docket No. 25 at 9-10.)  The Court expressly ordered that "[a]ny Second Amended Complaint must be filed no later than **thirty (30) days** after [its] order has been signed" (original emphasis).  (*Id.* at 10.)  Judge Benitez signed this order on December 13, 2013.  (*Ibid*.)

Plaintiffs should have filed an amended complaint by no later than January 13, 2014, which was the first business day following the thirty-day period in which plaintiffs had leave to amend.  In violation of this Court's orders, plaintiffs did not file any amended complaint on or before January 13, 2014.  Plaintiffs did not attempt to file their second amended complaint until January 16, 2014, which was **thirty-four** days after Judge Benitez's order was signed.  (Docket No. 26 at 2.)  Plaintiffs' attempted amendment was plainly untimely, which this Court recognized when it rejected plaintiffs' filing.  (*Id.* at 1.)

Not only did plaintiffs failed to timely amend in response to the Court's order granting Nationstar's motion to dismiss, plaintiffs also failed to act timely to timely address the Court's rejection of the filing of their second amended complaint.  The proper procedure for challenging this rejection is a motion for reconsideration, which plaintiffs were required to bring within twenty-eight days after the entry of the order at issue pursuant to Local Rule 7.1.i.2.  Plaintiffs did not file a motion for reconsideration or any motion within twenty-eight days of the Court's January 16, 2014 order rejecting the second amended complaint.  Instead, plaintiffs unjustifiable waited and delayed **forty-three days** after the Court issued its order before filing a procedurally improper Rule 60(b) motion on February 28, 2014.  (Docket No. 27.)  Because of plaintiffs' lack

the diligence in pursuing this action, defendants' motion should be granted pursuant to Rule 41(b).

At least three of the five dismissal factors under *Ferdik* and *Yourish* favor a Rule 41(b) dismissal here.   The first two factors—the public's interest in expeditious resolution of litigation and the court's need to manage its docket—almost always support dismissal as a matter of law.   *Ferdik*, 963 F.2d at 1261; *see also Yourish*, 191 F.3d at 990. ("As [the Ninth Circuit] has indicated before, the public's interest in expeditious resolution of litigation **always favors dismissal**" (emphasis added).). "Involuntary dismissal serves the public's interest in expeditious resolution of the litigation as well as the Court's need to manage its docket because [a] [p]laintiff's noncompliance with the Court's deadline has caused [the] case to languish on the Court's docket." *Prime Healthcare*, 2013 WL 6500069 at \*2.   Plaintiffs have dragged this case on for well over a year.   It is apparent that plaintiffs prefer the delay as way to further postpone foreclosure proceedings.   Plaintiffs' failure to meet the Court's filing deadlines confirm that plaintiffs are not serious about pursuing their lawsuit and that dismissal is warranted in the interests of the expeditious resolution of the litigation and the Court's management of its docket.

The third dismissal factor, risk of prejudice to the defendants, is similarly satisfied.   "[R]isk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely amend." *Yourish*, 191 F.3d at 991.   In *Yourish*, "[p]laintiffs' paltry excuse for his default on the judge's order" was an indication "that there was sufficient prejudice to Defendants from the delay that this factor also strongly favor[ed] dismissal." *Id*. at 991-992.   The same reasoning applies here.   Plaintiffs' excuse for violating this Court's order and failing to timely amend is "paltry."   Without further justification, plaintiffs simply contend that they "were mistaken that they had until January 30, 2014 to file their second amended complaint." (Docket No. 27-1 at 2: 14-15, 3: 13-14; see also Docket Nos. 27-2 at ¶ 4, 27-3 at ¶ 2, and 27-4 at ¶ 2.) Plaintiffs' dubious explanation is patently unreasonable.   Judge Benitez's order clearly

**DEFENDANTS NATIONSTAR MORTGAGE AND U.S. BANK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

and unambiguously stated:  "Any Second Amended Complaint must be filed no later than **thirty (30) days** after this order has been signed" (original emphasis).  (Docket No. 25 at 10.)  The December 13, 2013 date of Judge Benitez's execution of the order is also equally clear and unambiguous.  (*Ibid.*)  Plaintiffs' "mistaken" conclusion that they had **forty-eight days** until January 30, 2014 to amend is wholly irrational, nonsensical, and unconvincing.  Because plaintiffs do not have a valid or legitimate reason for their failure to timely amend, the third factor also supports dismissal.

Dismissal with prejudice is proper pursuant to Rule 41(b) because plaintiffs failed to timely amend their complaint in violation of the Court's order and because the first three dismissal factors of *Ferdik* and *Yourish* favor dismissal.  *Ferdik*, 963 F.2d at 1263; *Yourish*, 191 F.3d at 992.  Plaintiffs' overall handling of this matter and their disregard for court deadlines and federal procedure demonstrate that plaintiffs have no real intent or desire to properly litigate this action (as this is merely a delay-foreclosure action).  The public's interest in expeditious resolution of this litigation supports dismissal as a matter of law; the Court need not allow this case to "languish" on its docket any further.  *Prime Healthcare*, 2013 WL 6500069 at *2.

## V.     CONCLUSION

Defendants respectfully request the Court dismiss the entirety of plaintiffs' action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: March 11, 2014                              Respectfully submitted,

**AKERMAN LLP**

By:  /s/ *Robert R. Yap*
     Justin D. Balser
     Victoria E. Edwards
     Robert R. Yap
Attorneys for Defendants
NATIONSTAR MORTGAGE LLC and
U.S. BANK NATIONAL ASSOCIATION
as Trustee for Lehman XS Trust Mortgage
Pass-Through Certificates Series 2007-18N