1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED

14 APR 16 PM 3: 36

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

PETER R. SOLLENNE and
PATRICIA D. SOLLENNE, as
Trustees for the Sollenne Family
Trust, dated December 12, 2007,

Plaintiffs,

vs.

U.S. BANK NATIONAL
ASSOCIATION, as Trustee for
Lehman XS Trust Mortgage Pass-
Through Certificates, Series 2007-
18N; NATIONSTAR MORTGAGE,
LLC; and DOES 1-10, inclusive,

Defendants.

CASE NO. 12-CV-2977-BEN (WVG)

**ORDER:**

**(1) GRANTING MOTION TO SET ASIDE JUDGMENT**

**(2) DENYING MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 41(b)**

[Docket Nos. 27, 31]

Before this Court are a Motion to Set Aside Judgment (Docket No. 27), filed by Plaintiffs Peter R. Sollenne and Patricia D. Sollenne and a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b) (Docket No. 31), filed by Defendants U.S. Bank National Association and Nationstar Mortgage, LLC.

Plaintiffs originally brought a foreclosure-related complaint on December 14, 2012. (Docket No. 1). On December 13, 2013, this Court granted Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. (Docket No. 25). Plaintiffs were given 30 days to file a Second Amended Complaint. On January 16, 2014, after more

1  than 30 days had elapsed, Plaintiffs attempted to file a Second Amended Complaint.
2  The filing was rejected as untimely. (Docket No. 26). Plaintiffs did not request an
3  extension of the deadline to file, or file a motion for reconsideration of the order
4  rejecting the Second Amended Complaint.

5        On February 28, 2014, Plaintiffs filed a motion asking this Court to set aside the
6  dismissal on the grounds of excusable neglect. Plaintiffs assert that they mistakenly
7  believed that they had until January 30, 2014 to file a Second Amended Complaint, and
8  ask that this Court excuse their failure to meet the deadline. (Mot. to Set Aside at 2).
9  Defendants oppose the motion, and ask that this Court dismiss the case. For the
10  reasons stated below, the Motion to Set Aside is **GRANTED** and the Motion to
11  Dismiss is **DENIED**.

12  ## I. Motion to Set Aside

13        A district court is empowered to relieve a party from a final judgment, order, or
14  proceeding resulting from "excusable neglect." FED. R. CIV. P. 60(b)(1). This Court
15  notes that no final judgment document has been filed, but understands that Plaintiffs
16  are asking for relief from the deadline set in this Court's December 13 Order, which
17  effectively ends their case. A Rule 60(b) motion is an appropriate means to ask a Court
18  to excuse a failure to file in a timely fashion. *See Briones v. Riviera Hotel & Casino*,
19  116 F.3d 379, 382 (9th Cir. 1997). The determination of whether neglect is excusable
20  is "at bottom an equitable one, taking account of all relevant circumstances surrounding
21  the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380,
22  395 (1993). In applying the *Pioneer* analysis, a court is to consider at least four factors,
23  including (1) the danger of prejudice to the opposing party, (2) the length of the delay
24  and its potential impact on proceedings, (3) the reasons for the delay, and (4) whether
25  the movant acted in good faith. *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir.
26  2009) (citations omitted). Ignorance of court rules does not constitute excusable
27  neglect, even if the litigant is pro se. *Briones*, 116 F.3d at 381.
28        Upon analysis of the four factors and taking into account all of the relevant

12cv2977

1   circumstances, the Court concludes that setting aside the deadline is equitable.

2   Plaintiffs argue that their amended complaint was only filed a few days late.  They

3   argue that the prejudice to Defendants is only the cost of litigation, but the prejudice

4   to Plaintiffs is the loss of their home. (Mot. to Set Aside at 4).  They also point out that

5   they sought to set aside the dismissal 41 days after this Court rejected their amended

6   complaint, and that it will cause little delay in the proceedings.  They also emphasize

7   that they were acting without an attorney at the time.

8           In their Opposition, Defendants argue that this Court has already found the case

9   without merit.  (Opp'n to Mot. to Set Aside at 1).  They contend that they are

10  prejudiced by having to pay attorney's fees and costs to defend the lawsuit. (*Id.* at 4).

11  They assert that the trustee's sale would not be stopped. (*Id.*)  Defendants argue that

12  the delay caused by the failure to meet deadlines would be substantial, as the hearing

13  on this motion was not set until more than three months after they should have filed

14  their complaint. (*Id.* at 4-5).  They argue that Plaintiffs are abusing the legal process

15  in the hope of delaying foreclosure. (*Id.* at 5).  Defendants argue that the explanation

16  for delay was "dubious." (*Id.*)

17          This Court finds that an extension of time to file a response is appropriate.

18  Plaintiffs, who were then proceeding without the assistance of counsel, were only a few

19  days late in filing, and clearly were attempting to prosecute their case.  This delay

20  necessitated these motions, but has not seriously impeded the prosecution of the case.

21  Although the reason for the failure to file in a timely fashion appears to be simple

22  negligence in determining filing deadlines, there is no evidence that Plaintiffs are

23  seeking to amend their complaint in bad faith.  Defendants also fail to establish that

24  they will suffer prejudice.  Defendants point to the costs of litigating this matter, but

25  merely being forced to litigate the merits is not prejudicial. *See TCI Grp. Life Ins. Plan*

26  *v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001).  Defendants themselves state that

27  continuing the litigation will not prevent them from continuing with the foreclosure.

28  Although this Court warns Plaintiffs that future failures to comply with Court-ordered

1  filing deadlines may result in the dismissal of their case, the equities of this situation

2  favor allowing Plaintiffs to proceed. The Motion to Set Aside is **GRANTED**.

3  **II. Motion to Dismiss**

4        Defendants ask this Court to dismiss this case pursuant to Federal Rule of Civil

5  Procedure 41(b). When a plaintiff fails to amend his complaint after a district judge

6  dismisses the complaint with leave to amend, the dismissal is typically considered a

7  dismissal for failure to comply with a court order. *Yourish v. Cal. Amplifier*, 191 F.3d

8  983, 986 (9th Cir. 1999) (citing *Ferdick v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.

9  1992)). In determining if dismissal is appropriate, a court is to consider (1) the public's

10  interest in expeditious resolution of litigation; (2) the court's need to manage its

11  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

12  disposition of cases on their merits; and (5) the availability of less drastic alternatives.

13  *Id.* at 990.

14        As discussed above, this Court has determined that the appropriate Rule 60(b)

15  analysis requires that Plaintiffs' failure to comply with the filing deadline be excused.

16  The Court determines that dismissal is not required by the Court's need to manage its

17  docket, and that Plaintiffs should be given an opportunity to litigate the merits of their

18  case. Accordingly, the Motion to Dismiss is **DENIED**.

19  **III. Conclusion**

20        For the reasons stated above, Plaintiffs' Motion to Set Aside is **GRANTED** and

21  Defendants' Motion to Dismiss is **DENIED**. Plaintiffs have **21 days** from the date this

22  Order is signed to file their Second Amended Complaint. Plaintiffs are specifically

23  warned that failure to comply with the new deadline will likely result in dismissal of

24  their action for failure to comply with a court order.

25        **IT IS SO ORDERED.**

26

27  Dated: April /  , 2014

28

HON. ROGER T. BENITEZ
United States District Judge