1

2

3

4

5

6

7

FILED

14 JUL -8 AM 8:56

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11

12

13

14

PETER R. SOLLENNE and
PATRICIA D. SOLLENNE, as
Trustees for the Sollenne Family
Trust, dated December 12, 2007,

Plaintiffs,

vs.

15

16

17

18

19

U.S. BANK NATIONAL
ASSOCIATION, as Trustee for
Lehman XS Trust Mortgage Pass-
Through Certificates, Series 2007-
18N; NATIONSTAR MORTGAGE,
LLC; and DOES 1-10, inclusive,

Defendants.

CASE NO. 12-CV-2977-BEN (WVG)

**ORDER:**

**(1) GRANTING MOTION TO DISMISS**

**(2) DENYING LEAVE TO AMEND**

[Docket No. 53]

20

21

22

23

        Before this Court is a Motion to Dismiss (Docket No. 53) filed by Defendants
Nationstar Mortgage LLC (Nationstar) and U.S. Bank National Association (USBNA).
For the reasons stated below, the Motion is **GRANTED**.

### I. Background

24

25

26

27

28

        On March 28, 2013, Peter R. Sollenne and Patricia D. Sollenne (Plaintiffs),
acting in their capacities as trustees for the "Sollenne Family Trust, dated December
12, 2007," and proceeding pro se, filed a First Amended Complaint (FAC) alleging
misconduct relating to a mortgaged property in Carlsbad, California. (Docket No. 17).
This Court granted Defendants' Motion to Dismiss the FAC on December 13, 2013.

1   (Docket No. 25). Plaintiffs filed a Second Amended Complaint (SAC) on May 5, 2014.
2   (Docket No. 49). On May 21, 2014, Defendants filed the instant Motion to Dismiss
3   pursuant to Federal Rule of Civil Procedure 12(b)(6).

4          Plaintiffs allege that they executed a note and deed of trust, in their personal
5   capacities, with Washington Mutual Bank (WaMu) as the lender in May 2004. (SAC
6   ¶¶ 13-14). Plaintiffs refinanced with Countrywide Home Loans in May 2006, (*id.*
7   ¶ 15), and again with CMG Mortgage, Inc. (CMG) in June 2007, (*id.* ¶ 16). At that
8   time they were informed their servicer would be Aurora Loan Servicing. (*Id.*). In
9   2012, Nationstar identified themselves as the servicer of the loan. (*Id.* ¶ 17). On
10  January 22, 2008, Plaintiffs deeded their interest in the property into the Sollenne
11  Family Trust, dated December 12, 2007. (*Id.* ¶ 18).

12         Plaintiffs allege that their loan was bundled into a group of notes and sold as a
13  derivative "mortgage backed security," to Lehman XS Trust Mortgage Pass-Through
14  Certificates, Series 2007-18N ("Trust"). (*Id.* ¶ 19). They allege that, accordingly, none
15  of the Defendants own the loan or the note; that Defendants cannot be a beneficiary or
16  a lawfully appointed trustee under the deed of trust; and that they have no right to
17  declare a default, cause notices of foreclosure sale to issue or be recorded, or to
18  foreclose on their interest in the property. (*Id.*) USBNA is alleged to be the trustee for
19  Trust, and Nationstar is alleged to be Trust's servicer. (*Id.* ¶¶ 20-21).

20         Plaintiffs also allege that the procedures in the Pooling and Services Agreement
21  (PSA) for the Trust have not been followed. (*Id.* ¶ 27). They allege that the note and
22  the mortgage were not properly assigned and transferred from CMG (the originator)
23  to USBNA (the trustee of the Trust) in accordance with the PSA. (*Id.* ¶¶ 29-32).
24  Plaintiffs claim the PSA was violated by a failure to complete the assignment before
25  the closing date, and a failure to provide a complete and unbroken chain of transfers
26  and assignments. (*Id.* ¶¶ 31-32). Plaintiffs claim that no perfected chain of title exists
27  transferring the mortgage loan from CMG to the Trust. (*Id.* ¶ 35).

28         In the alternative, Plaintiffs claim that Nationstar alleges that it is the holder and

1   owner of the note and the beneficiary of the deed of trust, but that the note identifies

2   the originator as the holder, and there is no perfected chain of title between CMG and

3   Nationstar.  (*Id.* ¶ 36).

4        Plaintiffs claim that no documents or records have been produced to demonstrate

5   the note or deed of trust was properly transferred prior to the closing date, and that any

6   documents transferring it after the closing date are void under the PSA. (*Id.* ¶¶ 37-38).

7        Plaintiffs list the following deficiencies which they contend render invalid any

8   security interest in the deed of trust: 1) the separation of title, ownership and interest

9   in the note and deed of trust; 2) the lack of assignments to or from the intervening

10  entities when the loan was sold; 3) the failure to assign and transfer the beneficial

11  interest in the deed of trust to Defendants in accordance with the PSA; 4) the failure

12  to endorse, assign, and transfer the note to USBNA in accordance with the PSA and

13  California law; 5) that there were no assignments of beneficiary or endorsements of the

14  note to each intervening entity; and 6) Defendants violated terms of the PSA.  (*Id.* ¶¶

15  49, 66-72).

16       Plaintiffs allege that the mortgage was never assigned, and state that they

17  "believe" that after failing to record an assignment of the deed of trust after so many

18  years, the party with the interest in the loan "has either abandoned the [deed of trust]

19  or the [deed of trust] was never assigned to the new lender, making the [deed of trust]

20  a nullity." (*Id.* ¶¶ 75-76).

21       They claim no party to the securitized transaction or any Defendant holds a

22  perfected and secured claim in the property, and that all Defendants are estopped and

23  precluded from asserting a secured or unsecured claim against the property. (*Id.* ¶ 50).

24  Plaintiffs also claim that the only individuals with standing to foreclose on the note

25  would be the certificate holders of the trust, rather than Defendants, since the certificate

26  holders are "the end users and pay taxes on their interest gains" and Defendants were

27  paid in full.  (*Id.* ¶ 93).

28       Plaintiffs claim California law requires that a transfer of mortgage paper as

12cv2977

1  collateral requires the owner to physically deliver the note to the transferee. (*Id.* ¶¶ 96,

2  99). They also claim that the note must be endorsed to be transferred. (*Id.* ¶ 97).

3       Plaintiffs allege eight causes of action: 1) quiet title; 2) violation of RESPA; 3)

4  violation of California Civil Code 17200 & 1710 "as well as fraud"; 4) breach of

5  security instrument; 5) breach of duty of good faith and fair dealing; 6) violation of the

6  Federal Debt Collection Practices Act; 7) injunctive relief for violation of California

7  Civil Code § 2923.5; and 8) slander of title. In their Prayer for Relief, Plaintiffs request

8  injunctive and declaratory relief. (*Id.* at p. 33-34).

9  **II. Legal Standard**

10       Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if,

11  taking all factual allegations as true, the complaint fails to state a plausible claim for

12  relief on its face. FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

13  556-57, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring

14  plaintiff to plead factual content that provides "more than a sheer possibility that a

15  defendant has acted unlawfully"). "A claim has facial plausibility when the plaintiff

16  pleads factual content that allows the court to draw the reasonable inference that the

17  defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation

18  omitted). Under this standard, dismissal is appropriate if the complaint fails to state

19  enough facts to raise a reasonable expectation that discovery will reveal evidence of

20  the matter complained of, or if the complaint lacks a cognizable legal theory under

21  which relief may be granted. *Twombly*, 550 U.S. at 556; *Balistreri v. Pacifica Police*

22  *Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

23  **III. Discussion**

24       Plaintiffs were only given leave "to amend the claims which were dismissed

25  without prejudice." (December 13 Order at 10). Plaintiffs were not granted permission

26  to amend the complaint to assert new claims, and did not seek such permission from

27  this Court. Plaintiffs' attempt to assert additional claims is therefore improper, and

28  dismissal is appropriate. *See* FED. R. CIV. P. 15; *Simmons v. Seal*, No. C 07-1205, 2008

1   WL 1869702, at *5 (N.D. Cal. Apr. 24, 2008). Plaintiff's FAC asserted causes of
2   action for quiet title, declaratory relief, and injunctive relief. (Docket No. 17).
3   Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' claims two
4   (violation of RESPA), three (violation of California Civil Code 17200 & 1710 "as well
5   as fraud"), four (breach of security instrument), five (breach of duty of good faith and
6   fair dealing), six (violation of the Federal Debt Collection Practices Act), seven
7   (injunctive relief for violation of California Civil Code § 2923.5[1]) and eight (slander
8   of title).

9       The Court previously dismissed with prejudice Plaintiffs' claims premised upon
10  the securitization of the loan and violations of the PSA. To the extent Plaintiffs
11  improperly attempt to re-assert these claims, they have not stated a claim upon which
12  relief can be granted, and such claims remain **DISMISSED WITH PREJUDICE**.

13      Upon review of the SAC, it is apparent that Plaintiffs have not remedied the
14  fundamental defects which underlay the FAC, and that these defects require dismissal
15  of this action without leave to amend. This Court has carefully reviewed the Second
16  Amended Complaint. Plaintiffs' remaining claims are premised upon their contention
17  that the Defendants did not have authority to take actions with respect to Plaintiffs'
18  note or deed of trust. This Court previously ruled that Plaintiffs cannot challenge
19  Defendants to prove their authority to foreclose without making specific factual
20  allegations.[2] (December 13 Order at 4-5). Similarly, this Court ruled that Plaintiffs
21  failed to provide a basis from which this Court could conclude that the note and deed
22  of trust were impermissibly split, and that speculation was insufficient. (*Id.* at 9).
23  Plaintiffs have not alleged specific factual allegations in the SAC from which this
24  Court could conclude that Plaintiffs' claims regarding a lack of proper chain of title and

25
26  [1]The First Amended Complaint asserted a claim for injunctive relief, but did not seek relief for violations of California Civil Code § 2923.5. Review of the SAC reveals
27  that this claim is premised upon violation of this specific provision, and is not a general request for injunctive relief. (SAC ¶¶ 172-179).

28  [2]The Court incorporates by reference the discussion of the law on pages four through nine of its December 13, 2013 Order.

1    improper assignment or transfer are more than mere speculation.  There are no factual
2    allegations from which this Court might infer that the note and deed of trust were
3    impermissibly split. Examination of all of the theories put forward by Plaintiffs clearly
4    indicates that they have not alleged sufficient facts from which this Court might infer
5    that Defendants lacked authority with respect to any actions taken with respect to the
6    note, the deed of trust, or Plaintiffs' property.  Accordingly, this Court **DISMISSES**
7    **WITHOUT PREJUDICE** Plaintiff's claim one (quiet title).

8    **IV. Conclusion**

9          This Court clearly indicated to Plaintiffs that the factual allegations in the FAC
10   were insufficient, and specifically cautioned Plaintiffs that "they must plead specific
11   factual allegations from which this Court could conclude that Plaintiffs' claims that
12   Defendants lack authority are more than speculation." (*Id.* at 10).  Review of the SAC
13   reveals that Plaintiffs have not corrected the defects specifically identified by this
14   Court.  Plaintiffs have already amended their complaint twice, and there is no
15   indication that Plaintiffs will be able to cure the deficiencies.

16         Plaintiffs' claims premised upon the securitization of the loan and violations of
17   the PSA remain **DISMISSED WITH PREJUDICE**.  All other claims that Plaintiffs
18   may be attempting to assert are **DISMISSED WITHOUT PREJUDICE**.  Plaintiffs
19   are **DENIED** leave to amend.  The Clerk of the Court may close the case.

20         **IT IS SO ORDERED**.

21

22   Dated: July ___, 2014

23                                                    HON. ROGER T. BENITEZ
                                                     United States District Judge
24

25

26

27

28

12cv2977